USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BILL TSAI,

Defendant.

1:19-cv-07501-GHW

**FINAL JUDGMENT AS TO DEFENDANT BILL TSAI**

The Securities and Exchange Commission having filed a Complaint and Defendant Bill Tsai ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

1

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $98,750.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,837.32.  In the event that Defendant is subject to an order of forfeiture as part of his sentence in the criminal case before the United States District Court for the Southern District of New York, United States v. Tsai, Crim. No. 19-cr-00675-VM (S.D.N.Y.) (the "Criminal Case"), then Defendant's monetary obligations under the Final Judgment, including all outstanding pre and post judgment interest, will be deemed satisfied, dollar-for-dollar, by the amount of the forfeiture order.  The monetary obligations ordered by this Final Judgment shall become due sixty (60) days after entry of the Judgment of Conviction in the Criminal Case, or twelve (12) months from the date of the entry of this Final Judgment, whichever comes first.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Bill Tsai as a defendant in this action; and specifying that payment is made pursuant

to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after thirty (30) days following the due date of Defendant's monetary

obligations under this Final Judgment.  Defendant shall pay post judgment interest on any

delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.  The Clerk of Court is directed to close this case.

Dated:  December 16, 2019

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BILL TSAI,

Defendant.

1:19-cv-07501-GHW

## CONSENT OF DEFENDANT BILL TSAI

1.      Defendant Bill Tsai ("Defendant") waives service of a summons and the
complaint in this action, enters a general appearance, and admits the Court's jurisdiction over
Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters
alleged in the complaint in this action. Specifically, in United States v. Tsai, No. 19-cr-00675-
VM (S.D.N.Y.) (the "Criminal Case"), Defendant pleaded guilty to violations of 15 U.S.C. §§
78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. In connection with that plea,
Defendant admitted the facts set out in the transcript of his plea allocution that is attached as
Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the
existence or outcome of any further proceedings in the Criminal Case.

3.      Defendant hereby consents to the entry of the final Judgment in the form attached
hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violations of Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

1

U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b)     orders Defendant to pay disgorgement in the amount of $98,750, plus prejudgment interest thereon in the amount of $1,837.32, for a total of $100,587.32; and

(c)     orders that in the event that Defendant is subject to an order of forfeiture as part of his sentence in the Criminal Case, then Defendant's monetary obligations under the Final Judgment, including all outstanding pre and post judgment interest, will be deemed satisfied, dollar-for-dollar, by the amount of the forfeiture order.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final

2

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

4

expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: October 29th.

_____
Bill Tsai

On October 29, 2019, Bill Tsai, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: May 9, 2021

Approved as to form:

_____
Carolina A. Fornos, Esq.
Partner, Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street, New York, NY 10019
(212) 858-1558
Attorney for Defendant

Antonina D'Andrea
NOTARY PUBLIC, State of New York
No. 01DA6126478
Qualified in Kings County
Certificate Filed in New York County
Commission Expires May 09, 20___

5

EXHIBIT A

J9J5tsaP                          plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4           v.                               19 Cr. 675 (VM)(OTW)

5   BILL TSAI,

6               Plaintiff.

7   ------------------------------x

8                                            September 19, 2019
                                             11:20 a.m.
9

10  Before:

11                      HON. ONA T. WANG,

12                                           Magistrate Judge

13

14                      APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    BY:  ROBERT L. BOONE
17       GINA M. CASTELLANO
         Assistant United States Attorneys
18

    PILLSBURY WINTHROP SHAW PITTMAN, LLP
19       Attorneys for Defendant
    BY: CAROLINA A. FORNOS
20  BY: MARK R. HELLERER

21

    ALSO PRESENT:  TODD KANESHIRO, Special Agent, FBI
22

23

24

25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

J9J5tsaP                        plea

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your name.

3          MR. BOONE:  Good morning, your Honor.  Robert Boone

4     for the government.  Here with me at counsel's table are AUSA

5     Gina Castellano, and Special Agent from the Federal Bureau of

6     Investigation Todd Kaneshiro.

7          MS. CASTELLANO:  Good morning.

8          AGENT KANESHIRO:  Good morning.

9          MS. FORNOS:  Good morning, your Honor.  Carolina

10    Fornos and Mark Hellerer of Pillsbury Winthrop on behalf of

11    Bill Tsai.

12         THE COURT:  Good morning, Mr. Tsai.  Please, be

13    seated.  I am Magistrate Judge Wang.  Mr. Tsai, you can speak

14    and understand English, right?

15         THE DEFENDANT:  Correct.  Yes.

16         THE COURT:  You can stay seated.  Just make sure that

17    you speak up so that the court reporter can hear you.  Okay?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  I have before me a Consent to Proceed

20    Before a United States Magistrate Judge on a Felony Plea

21    Allocution that you have signed.  What this form says is that

22    knowing that you have the right to have this plea taken by a

23    United States district judge, you are agreeing to have your

24    plea taken by a United States magistrate judge.  Let me make

25    sure I have the form, I saw it.

1          As a magistrate judge, I have the authority to take

2     your plea with your consent and you will still be entitled to

3     all of the same rights and protections as if you were before a

4     district judge.  Among other things, if you are found guilty,

5     you will be sentenced by a district judge.

6          Did you sign this consent to proceed before a United

7     States magistrate judge voluntarily?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And, before you signed the form, did your

10    lawyer explain it to you?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  And do you wish to proceed with your plea

13    before a United States magistrate judge?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Your consent is accepted.

16         The purpose of this proceeding is to make sure that

17    you understand your rights, to decide whether you are pleading

18    guilty of your own free will, and to make sure you are pleading

19    guilty because you are guilty and not for some other reason.

20         Do you understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  If at any time you don't understand any of

23    my questions or if you want to consult with your attorneys,

24    just say so, because it is important that you understand every

25    question before you answer.

J9J5tsaP                          plea

1          Before I take your plea I must ask you a series of

2     questions and I therefore need to place you under oath.

3     Please, raise your right hand.

4          (Defendant sworn)

5          THE COURT:  Do you understand that any statements you

6     make here today, under oath, may be used against you in a

7     prosecution for perjury or for making false statements if you

8     do not tell the truth?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  I have before me a waiver of indictment.

11    Did you sign this waiver of indictment?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Before you signed it, did you discuss it

14    with your attorneys?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Do you understand what you are doing?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Do you understand that you are under no

19    obligation to waive indictment?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that if you do not waive

22    indictment, if the government wants to prosecute you, they

23    would have to present this case to a grand jury which may or

24    may not indict you?

25         THE DEFENDANT:  Yes, your Honor.

J9J5tsaP                           plea

1              THE COURT:  And, do you realize that by signing this

2     waiver of indictment you have given up your right to have this

3     case presented to a grand jury?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you understand what a grand jury is?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Have you seen a copy of the information?

8              THE DEFENDANT:  Yes, I have, your Honor.

9              THE COURT:  Do you waive its public reading?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  How do you plead to the information;

12     guilty or not guilty?

13             THE DEFENDANT:  Guilty.

14             THE COURT:  Please tell me your full name.

15             THE DEFENDANT:  Bill Tsai.

16             THE COURT:  And what is your age?

17             THE DEFENDANT:  23.

18             THE COURT:  Are you a citizen of the United States?

19             THE DEFENDANT:  Yes, I am.

20             THE COURT:  Are you able to read and write in English?

21             THE DEFENDANT:  Yes, I am.

22             THE COURT:  How far did you go in school?

23             THE DEFENDANT:  Graduated from college.

24             THE COURT:  Are you now or have you recently been

25     under the care of a doctor or psychiatrist for any reason?

J9J5tsaP                    plea

1             THE DEFENDANT:  No, your Honor.

2             THE COURT:  Have you been treated recently for any

3    mental illness or addiction to narcotic drugs of any kind?

4             THE DEFENDANT:  No, your Honor.

5             THE COURT:  As you sit here today, are you under the

6    influence of any mind-altering drug or any alcoholic drink?

7             THE DEFENDANT:  No, your Honor.

8             THE COURT:  Are you on any medication?

9             THE DEFENDANT:  No, your Honor.

10            THE COURT:  Have you been able to understand

11   everything that I have said to you so far?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Do you feel all right today?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  And, you have seen a copy of the

16   information in this case, right?

17            THE DEFENDANT:  Yes, I have, your Honor.

18            THE COURT:  Have you read it?

19            THE DEFENDANT:  Yes, I have, your Honor.

20            THE COURT:  Do you understand what it says that you

21   did?

22            THE DEFENDANT:  Yes, I do, your Honor.

23            THE COURT:  Have you had a chance to discuss the

24   charge and how you wish to plead with your attorney?

25            THE DEFENDANT:  Yes, I have, your Honor.

J9J5tsaP                         plea

1          THE COURT:  You are you satisfied with your attorney's

2     representation of you?

3          THE DEFENDANT:  Yes, I am, your Honor.

4          THE COURT:  Have you had a full opportunity to discuss

5     this case with them?

6          THE DEFENDANT:  Yes, I have, your Honor.

7          THE COURT:  And have they told you the consequence of

8     pleading guilty?

9          THE DEFENDANT:  Yes, they have, your Honor.

10          THE COURT:  Are you ready to enter a plea?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Count One of the information charges you

13     with securities fraud in connection with an insider trading

14     scheme in violation of 15, United States Code, 78b and 78ff, 17

15     CFR, 240.10b-5 and 18 U.S.C. 2.

16          How do you wish to plead; guilty or not guilty?

17          THE DEFENDANT:  Guilty, your Honor.

18          THE COURT:  With regard to the count charging you with

19     securities fraud in connection with insider trading, I want you

20     to understand that the maximum penalty is a prison term of 20

21     years, a maximum term of supervised release of three years, and

22     a maximum fine of the greater of $5 million or twice what was

23     made by the criminal activity or twice what someone other than

24     yourself lost because of the criminal activity, and a mandatory

25     special assessment of $100.  In addition, the Court must order

1   you to pay restitution to any victims.

2              Do you understand these maximum penalties that I have

3   just described to you?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you understand also that the plea

6   agreement states that you will admit the forfeiture allegations

7   and that you have agreed to certain stipulated amounts of

8   forfeiture?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you also understand that if, as part of

11  your sentence, you are placed on a term of supervised release

12  and you then violated any of the conditions of that release,

13  you could face an additional term of imprisonment?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  That means that the district judge can

16  revoke the term of release previously imposed and return you to

17  prison without giving you any credit for time previously served

18  on post-release supervision.  If you are not a United States

19  citizen, do you understand that your guilty plea may result in

20  your being removed from the United States, denied citizenship,

21  and denied admission to the United States in the future?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you understand that you would be bound

24  by your guilty plea regardless of the immigration consequences

25  of your plea and regardless of any advice you have received

J9J5tsaP                        plea

1   from your counsel or others regarding those consequences?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Have you had an opportunity to discuss the

4   immigration consequences with your attorneys?

5            THE DEFENDANT:  Yes, I have, your Honor.

6            THE COURT:  I am now going to explain certain

7   constitutional rights that you have.  These are rights that you

8   will be giving up if you enter a guilty plea.  Please listen

9   carefully to what I am about to say and if you do not

10  understand something, stop me, and your attorney and I can

11  explain the issue more fully.

12           Do you understand that you have a right to plead not

13  guilty, or having already pleaded not guilty, to persist in

14  that plea and that you have a right to a speedy and public jury

15  trial, if you wish?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Do you understand that if you plead not

18  guilty and go to trial, you would be presumed innocent and the

19  burden would be on the government to prove your guilt beyond a

20  reasonable doubt?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  That means you would not have to prove you

23  were innocent and you could not be convicted unless a jury of

24  12 people unanimously agreed that you are guilty beyond a

25  reasonable doubt.

J9J5tsaP                              plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Do you understand that you would be

3    entitled to be represented by an attorney at all stages at

4    trial and at every other stage of the proceedings, and if you

5    could not afford to hire one, the Court would provide an

6    attorney to you for free?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Do you understand that at such a trial you

9    would be entitled to confront and cross-examine any witnesses

10   called by the government to testify against you, that you would

11   be entitled to testify on your own behalf, that you could call

12   witnesses and present evidence, and that the Court would issue

13   subpoenas, at your request, to compel witnesses to appear and

14   testify in your defense even if they didn't want to come?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you understand that at a trial you

17   would not be required to testify against yourself?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And, if you chose not to testify, that

20   could not be used against you.

21             Do you understand that if you were convicted at a

22   trial you would have a right to appeal that verdict to a higher

23   court?

24             THE DEFENDANT:  Yes, I do, your Honor.

25             THE COURT:  And, do you understand that if you enter a

J9J5tsaP                              plea

1      guilty plea you would give up all of these rights including

2      your right to a trial, that you will not be able to withdraw

3      this plea, and that the only remaining step in this case will

4      be the sentencing?

5              THE DEFENDANT:  Yes, I do, your Honor.

6              THE COURT:  And, do you understand that the decision

7      as to the appropriate sentence in your case will be entirely up

8      to the sentencing judge and that he or she will be limited only

9      by what the law requires?

10             THE DEFENDANT:  Yes, I do, your Honor.

11             THE COURT:  And, do you understand that even if you

12     are surprised or disappointed by your sentence, you will still

13     be bound by your guilty plea?

14             THE DEFENDANT:  Yes, I do, your Honor.

15             THE COURT:  And, finally, if you do plead guilty, you

16     are also giving up the right not to incriminate yourself and I

17     will ask you questions about what you did in order to satisfy

18     myself that you are actually guilty.  By pleading guilty you

19     will be admitting your factual, as well as legal, guilt.

20             Do you understand that?

21             THE DEFENDANT:  Yes, I do, your Honor.

22             THE COURT:  Knowing all of this, do you still wish to

23     plead guilty to Count One of the information?

24             THE DEFENDANT:  I do, your Honor.

25             THE COURT:  Have any force or threats been used,

J9J5tsaP                         plea

1   either direct or indirect, to influence how you plead today?

2                  THE DEFENDANT:  No, your Honor.

3                  THE COURT:  I have before me a letter dated September

4   11th, 2019 from the U.S. Attorney to your attorney containing a

5   plea agreement.  Have you read this letter?

6                  THE DEFENDANT:  Yes, I have, your Honor.

7                  THE COURT:  And did you sign it on the last page?

8                  THE DEFENDANT:  Yes, I have, your Honor.

9                  THE COURT:  And before you signed it, did you discuss

10  it with your attorneys?

11                 THE DEFENDANT:  Yes, I have, your Honor.

12                 THE COURT:  And did they explain to you all of its

13  terms and conditions?

14                 THE DEFENDANT:  Yes, your Honor.

15                 THE COURT:  Apart from what is contained in this

16  letter, have any promises been made to you in order to get you

17  to plead guilty?

18                 THE DEFENDANT:  No, your Honor.

19                 THE COURT:  In reviewing the plea agreement I note

20  that it contains an analysis of how part of our law of

21  sentencing known as the sentencing guidelines may impact on any

22  prison term in your case.  Based on that analysis, the

23  agreement states that the guidelines sentencing range can be

24  expected to be from 18 to 24 months.

25                 Do you understand that?

J9J5tsaP                          plea

 1              THE DEFENDANT:  Yes, your Honor.

 2              THE COURT:  Do you understand that the sentencing

 3    judge is not bound by the calculation in the letter and that

 4    they will be free do their own calculation which may result in

 5    a guideline range that is different from the one in the letter?

 6              THE DEFENDANT:  Yes, your Honor.

 7              THE COURT:  Do you understand that no matter what the

 8    sentencing range is that the sentencing judge believes is

 9    called for by the guidelines, that range is one of many factors

10    that the Judge will consider in determining your sentence and

11    that the Judge has the discretion to give you a prison sentence

12    below or above that range anywhere up to the maximum sentence

13    of imprisonment of 20 years?

14              THE DEFENDANT:  Yes, I do, your Honor.

15              THE COURT:  Do you also understand that under the

16    terms of this plea agreement, if the Judge sentences you to a

17    prison term that is 24 months or less, you are giving up your

18    right to appeal that sentence or to challenge it in any other

19    way such as through a writ of habeas corpus?

20              THE DEFENDANT:  Yes, I do, your Honor.

21              THE COURT:  Also, do you understand that the plea

22    agreement says that you cannot appeal any fine of $5 million or

23    less and that you cannot appeal any lawful sentence of

24    supervised release?

25              THE DEFENDANT:  Yes, I do, your Honor.

J9J5tsaP                          plea

1          THE COURT:  Do you also understand that in this letter

2    you are giving up your right to complain if the government

3    withheld evidence from your attorney that would have been

4    helpful to you?

5          THE DEFENDANT:  Yes, I do, your Honor.

6          THE COURT:  Is your plea voluntary, that is, made of

7    your own free will?

8          THE DEFENDANT:  Yes, it is, your Honor.

9          THE COURT:  Have any threats been made to influence

10   how you plead today?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  Did you in fact commit the offense that is

13   charged in Count One of the information?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Before I ask you to tell me what you did I

16   will ask the government to summarize the elements of the

17   offense and, if they wish, tell me any evidence that they would

18   proffer at trial.

19         MR. BOONE:  Your Honor, to establish the violation of

20   securities fraud the government must prove, beyond a reasonable

21   doubt, three elements.

22         First, that in connection with the purchase or sale of

23   securities of the identified company, here that company being

24   EFI, the defendant employed a device, scheme or artifice to

25   defraud; second, that when the defendant engaged in this

1    scheme, he acted knowingly, willfully, and with an intent to

2    defraud EFI and its shareholders or the source of the

3    information; and third, that the mail, interstate communication

4    facility or facility of a national securities exchange was used

5    in furtherance of the scheme.  To establish that defendant

6    engaged in an insider trading scheme in particular the

7    government must prove, one, that the defendant owed a duty of

8    trust and confidence, here to RBC, defendant's employer; and

9    two, that the defendant violated that duty of trust and

10   confidence by using material non-public information that he

11   obtained by virtue of his relationship with RBC to trade EFI

12   securities for his personal benefit.

13           THE COURT:  Can you tell me what evidence that you

14   would have offered at trial?

15           MR. BOONE:  At trial, the government would have

16   offered both documentary evidence and testimonial evidence.  In

17   terms of documentary evidence it would have included evidence

18   regarding the defendant's trades in an EFI brokerage account in

19   his name in which that trading occurred.  It would also include

20   communications that the defendant received as a result of his

21   employment with RBC concerning a deal RBC was working on

22   involving EFI.  It would also include documents from RBC

23   explaining the policies and procedures in terms of how to

24   handle such confidential information, as well as testimony from

25   individuals from RBC further explaining that and confirming

1    that defendant was informed of his duties to the employer in

2    that regard.

3            THE COURT:  Thank you.

4            Mr. Tsai, please tell me in your own words what you

5    did that makes you guilty of the charge against you.

6            THE DEFENDANT:  Between approximately March and April

7    2019, I obtained material non-public information through my

8    employment at an investment bank in Manhattan.  I used that

9    information to trade in the securities of Electronics Form

10   Imaging, EFI.  By using this confidential information to

11   purchase securities, I breached my duties to my employer.  At

12   the time I did it I knew it was wrong.  I am very sorry for the

13   crime that I committed and I agree to forfeit my profits.

14           THE COURT:  And I notice that you have been reading

15   from a statement and that's entirely appropriate.  I am sure

16   that you and your attorney wanted to make sure that the

17   statements were exact and correct but I want to ask you if you

18   really did those things you told me about.

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  I just wanted to ask the government, is

21   the third element of the securities fraud, the use of means or

22   instruments of transportation or communication in interstate

23   commerce or use of the mails, has that been satisfied by the

24   allocution, or not?

25           MR. BOONE:  We actually have another follow up and

J9J5tsaP                         plea

1    maybe we can roll this all into one.

2              THE COURT:  Okay.

3              MR. BOONE:  One is the defendant could discuss where

4    he was located physically when he placed the trades,

5    particularly if that was in the Southern District of New York;

6    and on what exchange were these trades taking place.

7              Maybe that will solve your issue.

8              THE COURT:  Thank you.

9              All right, Mr. Tsai.  You heard the government's

10   request for some follow up, one is where did the activity take

11   place and on what exchange were the trades made.

12             THE DEFENDANT:  The trades were made in Manhattan and

13   through the New York Stock Exchange.

14             THE COURT:  Through the New York Stock Exchange.

15             Anything else on that?

16             MR. BOONE:  No, your Honor.

17             THE COURT:  Does the government represent that it has

18   sufficient evidence to establish Mr. Tsai's guilt beyond a

19   reasonable doubt?

20             MR. BOONE:  Yes, your Honor.

21             THE COURT:  Defense counsel, do you know of any

22   defense that would prevail at trial or any other reason why

23   your client should not be permitted to plead guilty?

24             MS. FORNOS:  No, your Honor.

25             THE COURT:  Does counsel have any doubt as to the

J9J5tsaP                          plea

 1    defendant's competence to plead at this time?

 2              MS. FORNOS:  No doubt, your Honor.

 3              THE COURT:  Mr. Tsai, again, you knew that what you

 4    were doing was against the law?

 5              THE DEFENDANT:  Correct, your Honor.  Yes.

 6              THE COURT:  Are there any further questions either

 7    side wants me to ask?

 8              MR. BOONE:  No, your Honor.

 9              THE COURT:  Ms. Fornos?

10              MS. FORNOS:  No, your Honor.

11              THE COURT:  Is there any reason why I should not

12    recommend that the district judge accept this plea?

13              MR. BOONE:  No, your Honor.

14              MS. FORNOS:  No, your Honor.

15              THE COURT:  One of the things I typically do when I

16    take a felony plea, because the district judge usually has not

17    had a chance to see the defendant, is to ask if there is any

18    family or friends in support of either side.  So, if there is

19    anything you would like to say at this time, this is your time.

20              MS. FORNOS:  Yes, your Honor.

21              We would like to say that Mr. Tsai's mother is in the

22    courtroom.  As you can imagine, this has been a very tough

23    situation for the family and we thank the Court for that

24    opportunity.

25              THE COURT:  Thank you; and I see you, Mrs. Tsai.

J9J5tsaP                         plea

1          On the basis of the defendant's responses to my

2    questions and my observation of his demeanor, I find that he is

3    fully competent to enter an informed plea at this time.  I also

4    conclude that he understands the nature of the charge and the

5    consequences of the plea.  And, finally, I am satisfied that

6    his plea is voluntary and that there is a factual basis for it.

7    Accordingly, I recommend that the proffered plea to Count One

8    of the information be accepted.  I assume the government will

9    order a copy of the transcript and will submit it to the

10   district judge, together with any additional paperwork so that

11   they may ask on my recommendation.  A presentence report is

12   ordered.

13          I understand we don't have a sentencing date yet,

14   right?

15          MR. BOONE:  That's correct, your Honor.

16          THE COURT:  So, should I set a control date?

17          MR. BOONE:  I think that's fine.

18          THE COURT:  How much time do we need for the control

19   date?

20          MR. BOONE:  I think 90 days will give enough time for

21   a PSR report to be written.

22          THE COURT:  So, 90 days puts us at December 18.  Let

23   me make sure that's not on the weekend; 90 days is December

24   18th.

25          The prosecution case summary, for the purposes of the

J9J5tsaP                           plea

1    presentence report, is to be delivered to the Probation

2    Department no later than 14 days from today.  Defense counsel,

3    you had should make yourself available to be interviewed by the

4    Probation Department with your client no later than 14 days

5    from today.

6              Anything further on this matter from either side?

7              MR. BOONE:  Not from the government, your Honor.

8              MS. FORNOS:  No, your Honor; not from the defense.

9              THE COURT:  Okay.  All right.  Thank you.  We are

10   adjourned.

11                              o0o

12

13

14

15

16

17

18

19

20

21

22

23

24

25